**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KARL ELLIS-BEY,

      Petitioner-Appellant,

vs.

L.E. BRUCE; CHARLES SIMMONS,
Secretary of Corrections, Kansas
Department of Corrections;  J.
FISCHER, Records Clerk, Ellsworth
Correctional Facility; TERESA L.
SAIYA, KPB Administrator,

      Respondents-Appellees.

No. 97-3202
(D.C. No. 1083-5:97-3259-GTV)
(D. Kan.)

## ORDER AND JUDGMENT*

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.**

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Mr. Ellis-Bey, an inmate appearing pro se and in forma pauperis, appeals from the dismissal without prejudice of his habeas petition, 28 U.S.C. §2254,[1] for failure to exhaust state remedies. The district court also denied Mr. Ellis-Bey's request for a certificate of appealability. See 28 U.S.C. § 2253(c)(1),(2).

Mr. Ellis-Bey contends that Defendants improperly aggregated his sentences in violation of Kan. Stat. Ann. § 22-3717(f) (Supp. 1993). However, the district court properly dismissed Mr. Ellis-Bey's claims without prejudice, as Mr. Ellis-Bey must exhaust state remedies available to him before a federal court will examine his claims. See 28 U.S.C. § 2254(b)(1)(A); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). We accordingly DENY Mr. Ellis-Bey's motion for issuance of a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]Though Mr. Ellis-Bey's pleadings posture this case as one arising under 28 U.S.C. § 1983, see I R. doc. 1 at 1-2(c), the district court properly construed his request as one for habeas relief under 28 U.S.C. § 2254 because his claim, at base, challenges the duration of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (no cause of action for damages under § 1983 unless prior successful challenge to confinement); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).